UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD WLOSINSKI,

                              Plaintiff,

                                                    Case # 17-CV-6865-FPG

v.

                                                     DECISION AND ORDER

TERESA ANNE MARIE SMITH,

                              Defendant.
_____

## INTRODUCTION

On November 8, 2017, *pro se* Plaintiff Edward Wlosinski ("Plaintiff") commenced this action against Defendant Teresa Anne Marie Smith ("Defendant" or "Smith"), alleging that Defendant "made false statements causing [his] arrest and legal [expenses]." ECF No. 2-1 at 13. Defendant now moves for (1) an order substituting the United States of America as the proper party defendant under 28 U.S.C. §§ 1346(b)(1) and 2679(a); and (2) dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, Defendant's motions are GRANTED.

## BACKGROUND[1]

### I. Procedural History

Plaintiff commenced this action in small claims court in the City of Rochester on November 8, 2017, seeking $5,000 in damages arising out of an incident at the Rush Post Office in Rush, New York. Plaintiff's one-page form Complaint alleges that Defendant "made false

---

[1]     Plaintiff's one-page form Complaint lacks factual allegations. The Court therefore has relied on and carefully examined Plaintiff's other submissions and has drawn the factual allegations herein from those documents because Plaintiff's *pro se* claims are interpreted "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

1

statements causing [his] arrest and legal [expenses]." ECF No. 4 at 5. On December 18, 2017, Defendant removed the action to this Court. *See* ECF No. 1.

On December 20, 2017, Defendant filed a motion seeking (1) an order substituting the United States of America as the proper party defendant under 28 U.S.C. §§ 1346(b)(1) and 2679(a); and (2) dismissal of the Complaint pursuant to Rule 12(b)(1). ECF No. 2. Plaintiff filed a "Memorandum/Brief" in Response. ECF No. 4. This submission included a two-page letter, dated May 14, 2017, from Plaintiff to the United States Postal Service Inspector General in Arlington, Virginia, and several attachments. *See* ECF No. 4. Defendant submitted a Reply (ECF No. 5) on January 19, 2018 and Plaintiff submitted a letter on February 9, 2018 (ECF No. 6), which is styled as a "reply in further support of motion to mediate the plaintiff's claims."[2]

## II. Factual Background

On September 23, 2015, Plaintiff went to the Rush Post Office in Rush, New York to "check on the location of [his] package." ECF No. 4 at 1. Plaintiff asked Defendant, the Postmaster of the Rush Post Office, for assistance tracking the package, specifically inquiring where the "USPS Facility 14606" was located. *Id.* In response, Defendant stated "we don't guarantee 2-day delivery." *Id.* Plaintiff again asked for the location of the facility and Defendant once again answered "we don't guarantee 2-day delivery." *Id.* Plaintiff "became irritated" and a verbal altercation ensued. *Id.* Defendant called 911. *Id.* According to Defendant, Plaintiff "lunged at [her] over the counter," "was extremely belligerent," and refused to leave the Post Office when she directed him to do so. ECF No. 2-2 at 2. Defendant asserts that she dialed 911 because "she feared for her safety, the safety of her employees and the safety of other Postal customers." ECF No. 2-1

---

[2] The Court notes that there is no pending motion to mediate in this case and construes this reply letter as further opposition to Defendant's motions.

at 4. Plaintiff alleges that he did not attack Defendant (ECF No. 4 at 1) and that "it was Defendant's attitude that gave rise to the altercation." (ECF No. 6 at 1).

During the 911 call, Plaintiff alleges that Defendant told the 911 operator "this guy is attacking me," even though Plaintiff was not attacking Defendant. ECF No. 4 at 1. Plaintiff further alleges that Defendant later told the 911 operator "he's going to attack me again," despite the fact that Plaintiff was over by "the door to go out" of the Post Office and was "all the way back here on the other side of the counter." *Id.* at 2. A police officer responded to the Post Office and Plaintiff was charged with Second Degree Harassment. *Id*. at 5.

Defendant subsequently dropped all criminal charges against Plaintiff on the condition that he "enter into a restraining order requiring him to stay away from [Defendant] and the Rush Post Office." ECF No. 2-1 at 5. Plaintiff "[has] not gone into the Rush Post Office since this incident and furthermore cannot enter this postal facility unless [Defendant] is removed." ECF No. 6 at 1.

Plaintiff commenced the instant action against Defendant "based on false arrest and malicious prosecution," asserting in his Complaint that Defendant "made false statements causing my arrest and legal [expenses]." ECF No. 2-1 at 13; ECF No. 4 at 2. Specifically, Plaintiff alleges that "[Defendant] filed a false police report and should be investigated for malicious prosecution," and that Defendant's report "was a total fabrication." ECF No. 4 at 9. Plaintiff also asserts that "[Defendant] should be charged with malicious prosecution" and that he "reserve[s] [his] right to defend [himself] against [Defendant's] accusations and recoup [his] damages." ECF No. 6 at 1. Plaintiff claims $5,000 in damages—$2,000 in attorney's fees from his criminal prosecution and $3,000 in punitive damages. *Id*.

3

**DISCUSSION**

Defendant seeks an order substituting the United States as the proper defendant and has certified that Defendant's actions fell within the scope of her employment. ECF No. 2 at 1; ECF No. 2-1 at 16. Defendant further argues that, once the United States is substituted as the proper defendant, the Complaint must be dismissed for lack of subject matter jurisdiction. ECF No. 2-1 at 8. The Court considers each of these issues in turn.

**I.     Motion to Substitute United States as Defendant**

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, federal employees are absolutely immune "from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id*. (citing 28 U.S.C. § 2679(d)(1), (2)); *see also Catania v. Herbst*, 916 F. Supp. 2d 266, 268 (E.D.N.Y. 2013). "If the certification remains in place, the United States is substituted as defendant." *Smith v. Brown*, 17 Civ. 2743 (GWG), 2017 WL 4863099, at *3 (S.D.N.Y. Oct. 27, 2017) (citing 28 U.S.C. §§ 2679(b)(1), (d)(2)). "The litigation is thereafter governed by the Federal Tort Claims Act." *Osborn*, 549 U.S. at 230.

However, the Attorney General's scope of employment certification for purposes of substitution is judicially reviewable. *Smith*, 2017 WL 4863099, at *4 ("[T]he Attorney General's certification is the first, but not the last word on whether . . . the United States is properly substituted as defendant."). "But courts review such certifications only if a plaintiff alleges with particularity facts relevant to the scope-of-employment issue." *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11–CV–1106 (ERK)(CLP), 2012 WL 294518, at *6 (E.D.N.Y. Jan. 31, 2012) (citations

omitted); *see also McHugh v. Univ. of Vt.*, 966 F.2d 67, 74 (2d Cir. 1992) ("Such review is triggered by the government's motion for substitution and opposition papers from the plaintiff that allege with particularity facts relevant to the scope-of-employment issue."), *abrogated on other grounds by Osborn,* 549 U.S. at 225.

In this case, the United States Attorney's Office has certified that Defendant was acting within the scope of her federal employment, as Postmaster of the Rush Post Office, during the incident at issue in this action.[3] *See* ECF No. 2-1 at 16. Plaintiff has neither argued nor alleged that Defendant's actions were taken outside of the scope of her employment. Therefore, no judicial review of the certification is required *See Tomscha v. Greenberg*, No. 04 Civ. 2953(DLC), 2004 WL 1878749, at *3 (S.D.N.Y. Aug. 20, 2004) ("[N]o judicial review is required as [the *pro se* plaintiff] has not alleged with particularity facts relevant to the scope-of-employment determination); *see also Robinson v. Marano*, 79 F. Supp. 2d 96, 98, 98 n. 5 (N.D.N.Y. 2000) (upholding Attorney General's certification without review of scope of employment where the *pro se* plaintiff did not file "any opposition challenging the government's certification in this matter"). Accordingly, Defendant's motion to substitute the United States as the proper Defendant is GRANTED. The Court orders that all claims against Defendant Teresa Anne Marie Smith be dismissed and the United States is substituted as the defendant in this action.

## II.    Motion to Dismiss under Rule 12(b)(1)

For the reasons stated above, the United States must be substituted as the proper defendant. The Government argues that once the Unites States is substituted as defendant, the case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[3]    The certification was made by the United States Attorney for the Western District of New York. This is permissible because, under 28 C.F.R. § 15.4, "the Attorney General has delegated certification authority to the United States Attorney for the district where the civil action is brought." *Smith*, 2017 WL 4863099, at *3 n. 2; *see also Osborn*, 549 U.S. at 231.

## A. Rule 12(b)(1) Standard & Sovereign Immunity

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). When reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a district court . . . may refer to evidence outside the pleadings." *Id.* (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "Where . . . the plaintiff is proceeding *pro se*, courts are obliged to construe his pleadings liberally." *Kuhner v. Montauk Post Office*, No. 12-cv-2318(JFB)(GRB), 2013 WL 1343653, at *1 (E.D.N.Y. April 4, 2013) (internal quotation marks and citations omitted).

Courts lack subject matter jurisdiction over claims barred by sovereign immunity. *Lombardi v. U.S. Postal Serv.*, 15-CV-1047-A, 2016 WL 1604492, at *1 (W.D.N.Y. Apr. 22, 2016) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The government is entitled to invoke sovereign immunity with respect to claims asserted against the United States" (*Wilson v. United States*, 959 F.2d 12, 14 (1992)), and a waiver of sovereign immunity regarding such claims "is a prerequisite to subject matter jurisdiction." *Lombardi*, 2016 WL 1604492, at *1 (citing *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999)) (citations omitted).

## B. The Federal Tort Claims Act ("FTCA")

"Congress has chosen to waive immunity as to certain claims against the United States by creating the FTCA." *Wilson*, 959 F.2d at 14. "Under the Federal Tort Claims Act ('FTCA'), a plaintiff's exclusive remedy for nonconstitutional torts committed by federal employees in their official capacity is a lawsuit against the United States." *Catania*, 916 F. Supp. 2d at 268 (citing 28

U.S.C. §2679(b)(1)). Though the FTCA waives sovereign immunity, such waiver is not absolute. *Wilson*, 959 F.2d at 14.

> [T]he FTCA specifically defines the limited causes of action that may be maintained against the federal government. A list of exceptions further narrows the availability of claims that may be asserted against the United States. 28 U.S.C. § 2680. Section 2680(h), commonly known as the intentional tort exception, bars all claims 'arising out of assault, battery, false imprisonment, *false arrest*, *malicious prosecution*, abuse of process, *libel*, *slander*, misrepresentation, deceit, or interference with contract rights.' *Id.* at § 2680(h).

*Id.* (emphasis added). Therefore, the United States has not waived its sovereign immunity when the foregoing intentional torts are committed by federal employees in their official capacity.

Here, Plaintiff's Complaint alleges that Smith "made false statements causing [his] arrest." ECF No. 4 at 5. Plaintiff's arguments in his other submissions may be liberally construed as claims for false arrest, malicious prosecution, and defamation. The United States is entitled to sovereign immunity for each of these claims under the express language of the FTCA, and the Court therefore lacks subject matter jurisdiction and this action must be dismissed. *See, e.g., Tomscha*, 2004 WL 1878749, at *4 ("The express language of the FTCA bars suit for money damages against the United States based on a claim for libel. There is therefore no subject matter jurisdiction over this action and [plaintiff's] claim is dismissed."); *see also*, *Asto v. Mirandona*, 372 F. Supp. 2d 702, 710 (E.D.N.Y. Mar. 29, 2005) ("[B]ecause the FTCA bars defamation claims for money damages against the United States . . . this Court lacks subject matter jurisdiction over Plaintiff's claim and the action is dismissed in its entirety.").[4]

The Court has considered whether Plaintiff should be granted an opportunity to amend his complaint in accordance with the Second Circuit's preference that *pro se* litigants be granted leave

---

[4] The Court notes that, as a result of the foregoing analysis, Plaintiff is left without any remedy. Nonetheless, courts have accepted this result as in accordance with congressional intent. *See B&A Marine Co., Inc. v. American Foreign Shipping Co.*, Inc., 23 F.3d 709, 715 (2d Cir. 1994) (concluding that "[plaintiff] is precluded from asserting a libel action against [the individual defendants] based on a tort they may have committed as agents or employees of the Government within the scope of their employment, notwithstanding that the United States is also immune").

7

to amend. However, the Court has concluded that amendment would be futile since the Court lacks subject matter jurisdiction over Plaintiff's claims. *See Przespo v. U.S. Post Office*, 177 F. Supp. 2d 793, 796 n.1 (W.D.N.Y. 2016).

## CONCLUSION

For all the reasons stated, Defendant's Motion to Substitute Party (ECF No. 2) is GRANTED and Defendant's Motion to Dismiss (ECF No. 2) is GRANTED. The Court lacks subject matter jurisdiction over Plaintiff's claims and this action is dismissed in its entirety.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 17, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court